(No. 3699— 

BURROUGHS ADDING MACHINE COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Claimant seeks an award in the amount of $25.80. The stipulation between the parties hereto provides that the report of the Director of Insurance, dated March 27, 1942, shall constitute the record in this case.

The claim is for services rendered by the claimant company, on adding machine equipment used in the Department of Insurance, of the State of Illinois.

The services were rendered in accordance with the invoice, a copy of which is attached. The complaint has as a part thereof, a bill of particulars showing the services were furnished by the claimant to the respondent between January 1, 1941, and July 1, 1941, and should, therefore, be covered by the appropriation which lapsed September 30, 1941.

It appears from the report of the Director of Insurance that the invoices for the services were forwarded on July 1,

1941, but through an inadvertence were shown to be for such services rendered during the period of July 1, 1941, to January 1, 1942, instead of the period of from January 1, 1941, to July 1, 1941, and appeared to be in advance of the period for which such services were furnished rather than at the end thereof.

This was called to the claimant's attention, but the new invoices were not forwarded before the appropriation had lapsed on September 30, 1941.

The report of the Director of Insurance states that the services called for in the service agreement were rendered by the Company.

We have held in numerous cases that where services have been properly rendered to the State, and a bill therefor has been submitted within a reasonable time, but the same was not approved and vouchered for payment before the lapse of the appropriation from which it is payable, without any fault or neglect on the part of the claimant, an award for the reasonable and customary value of the services will be made, where at the time the expenses were incurred there were sufficient funds remaining unexpended in the appropriation to pay for the same. *Rock Island Sand & Gravel Co.* vs. *State*, 8 C. C. R., 165; *Wabash Telephone Company* vs. *State*, 10 C. C. R., 211.

An award is therefore entered in favor of the claimant for the sum of $25.80.